IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IBRAHIM SHUNNAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 3161 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| REX W. TILLERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion [13] is granted. Status hearing previously set for 2/20/18 is stricken. Civil case terminated.

## STATEMENT

Plaintiff Ibrahim Shunnar filed a visa petition (Form I-130) on behalf of his brother, Ahmed Sulaiman Shunnar. The petition was approved and sent to the United States Consulate in Jerusalem to determine whether Ahmed was eligible for an immigrant visa. Ahmed and his derivative family members appeared before the Consulate for an Immigrant Visa interview. On July 14, 2017, the Consular Office notified Ahmed that it had denied his immigrant visa application under section 212(a)(3)(B) of the Immigration Nationality Act, involving terrorist activities, which is codified at 8 U.S.C. 1182(a)(3)(B). Plaintiff asks the Court to declare that the denial was not based on a facially legitimate and bona fide reason, was inconsistent with the INA and regulations, and was made in bad faith. Defendants move to dismiss, citing the doctrine of consular non-reviewability.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

Generally, courts do not have the authority to second-guess decisions made by consular officers of the Department of State. *Hazama v. Tillerson*, 851 F.3d 706, 708 (7th Cir. 2017). This concept is known as the doctrine of consular non-reviewability. *Matushkina v. Nielsen*, 877 F.3d 289, 294 (7th Cir. 2017). However, consular non-reviewability is not absolute. *Id.* Limited review may occur when a court is asked to determine whether a visa was denied for a bona fide and facially legitimate reason or whether the denial of an alien's application affects a U.S. citizen's constitutional rights. *Id.*

Plaintiff argues that he is entitled to limited judicial inquiry because the U.S. Consulate did not provide a facially legitimate and bona fide reason for the denial. He also suggests that the Consulate Office acted in bad faith when issuing the denial. Defendants respond that consular non-reviewability bars this Court's review of denial. They further state that the Consulate Office provided sufficient information for the grounds of the denial and that plaintiff has not established that the consular officers acted in bad faith. The Court agrees. Here, the U.S. Consulate notified Ahmed that his visa application was refused because he was found to be ineligible based on terrorist activities. Although plaintiff seeks a more thorough explanation for the denial, the consular officer's citation to this statute is a facially legitimate and bona fide reason to deny a visa application. *See Kerry v. Din*, 135 S. Ct. 2128, 2141 (2015); *Hazama*, 851 F.3d at 710. Moreover, plaintiff has not alleged a particularized claim of bad faith on behalf of the consular officer. Rather, the claim is speculative and conclusory. Accordingly, plaintiff is not entitled to a limited judicial inquiry regarding the denial of his brother's visa application.

For these reasons, defendants' motion to dismiss [13] is granted. Civil case terminated.

**SO ORDERED.**

ENTERED: **February 16, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**